## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY BRAXTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No.   23-01717 (UNA) |
| | ) | |
| | ) | |
| SUPERIOR COURT OF THE | ) | |
| DISTRICT OF COLUMBIA | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM OPINION</u>

Petitioner is an inmate at the District of Columbia Jail.   Appearing *pro se*, he has filed a form Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and an application to proceed *in forma pauperis* (IFP).   For the following reasons, the Court will grant the IFP application and dismiss the case.

Petitioner challenges his recent conviction in the Superior Court of the District of Columbia.   Pet., ECF No. 1 at 1-2.   But unlike prisoners challenging State or federal court convictions, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (cleaned up).   Petitioner has made no such showing.

The local remedy, D.C. Code § 23-110, "establishe[s] a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wish[ ] to challenge their conviction or sentence." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998).   As relevant here,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears that the applicant

> has failed to make a motion for relief under this section or that the Superior
> Court has denied him relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).   The remedy is "not a procedural bar to otherwise available federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve."   *Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011).

Put simply, D.C. Code § 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)."   *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).   Such claims include "the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution . . . [or] (4) the sentence is otherwise subject to collateral attack."   D.C. Code §§ 23-110(a); *see Saunders v. United States*, 72 F. Supp. 3d 105, 108-09 (D.D.C. 2014) (claims arising from alleged trial error may be "raised in the Superior Court by motion under § 23-110") (citing cases)).

Petitioner states no grounds for relief, *see* Pet. at 6-7, which is reason enough to dismiss the petition.   To the extent Petitioner seeks relief based on an unfair trial, *see id*. at 2, such claims are available locally by motion under § 23-110(a).   Therefore, this case will be dismissed for want of jurisdiction.   A separate order accompanies this Memorandum Opinion.


Dated: July 5, 2023                            _____

                                               TREVOR N. McFADDEN, U.S.D.J.